UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KARIBIAN,

                Plaintiff,

                                      CIVIL CASE NO. 06-14989

v.

VILLAGE GREEN MANAGEMENT        HONORABLE PAUL V. GADOLA
COMPANY, et al.,                              U.S. DISTRICT COURT

                Defendants.
_____/

## ORDER OF PARTIAL REMAND

Before this Court is a complaint, originally filed on October 13, 2006 in the State of Michigan, Sixth Judicial Circuit Court, and removed to this Court by Defendant on November 6, 2006, pursuant to 28 U.S.C. § 1441. The complaint consists of a mixture of federal and state law claims. Count I of the complaint alleges a breach of contract, in particular, Plaintiff alleges that Defendants breached an employment contract by not providing written notice of termination to Plaintiff and by not paying severance benefits upon Plaintiff's termination. Count II alleges a violation of the Employee Right to Know Act, M.C.L. 423.501 et seq., more specifically, that Plaintiff was improperly denied access to a copy of his personnel records. Count III alleges a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq, in that Plaintiff was improperly discharged for opposing actions contrary to the FMLA performed by his employer. Accordingly, Counts I and II describe claims under state law, whereas Count III describes a claim under federal law.

This Court exercises jurisdiction over Count III based on federal question jurisdiction, in accordance with 28 U.S.C. § 1331. Although the Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over the state law claims ancillary to the relief sought, for the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Counts I and II, Plaintiff's state law claims.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Gadola, J.).

As the Supreme Court of the United States held in *City of Chicago v. International College of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction *must* be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726-27]. *See also* [*Carnegie-Mellon Univ. v.*] *Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by Gibbs, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357.
>
> The supplemental jurisdiction statute codifies these principles. After establishing

> that supplemental jurisdiction encompasses "other claims" in the same case or controversy as a claim within the district courts' original jurisdiction, § 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction. . . .
>
> Depending on a host of factors, then--including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims--district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Cohill*, [484 U.S. at 350].

522 U.S. 156, 172-73 (1997). *See also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995); *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 601 (D.C. Cir. 1994); *Brazinski v. Amoco Petrol. Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). *But cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447-48 (2d Cir. 1998).

In exercising its discretion, therefore, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the

two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

Such is the case here. Plaintiff's state law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal law claim. *See* 28 U.S.C. § 1367(c)(2); *Gaines v. Blue Cross Blue Shield of Mich.*, 261 F. Supp. 2d 900, 906 (E.D. Mich. 2003) (Gadola, J.); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787, 790-91 (E.D. Mich. 2002) (Gadola, J.); *see also Rugambwa v. Betten Motor Sales, Inc.*, 200 F.R.D. 358, 368 (W.D. Mich. 2001); *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 690, 695 (E.D. Tex. 2000); *Caraballo v. S. Stevedoring, Inc.*, 932 F. Supp. 1462, 1465 (S.D. Fla. 1996); *James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992). Moreover, the Court finds that judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction in this case. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726. Therefore, the Court declines to exercise supplemental jurisdiction over

Plaintiff's state law claims.

Plaintiff is hereby directed to M.C.L. § 600.5856 regarding the tolling of the state statute of limitations. *See Meads v. Am. Fed'n of State, County & Mun. Employees*, No. 186658, 1997 WL 33353362, at *3 (Mich. Ct. App. Feb. 28, 1997) (citing *Ralph Shrader, Inc. v. Ecclestone Chem. Co.*, 22 Mich. App. 213, 215 (1970)); *Lee v. Grand Rapids Bd. of Educ.*, 148 Mich. App. 364, 370 (1986).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's state law claims (Counts I and II) are **REMANDED** to the State of Michigan, Sixth Judicial Circuit Court for the County of Oakland.

**IT IS FURTHER ORDERED** that only Plaintiff's claim arising under federal law (Count III) shall remain before this Court.

**SO ORDERED.**

Dated:   November 16, 2006              s/Paul V. Gadola
                                                            HONORABLE PAUL V. GADOLA
                                                            UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   November 16, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

            Matthew S. Disbrow; Charles Gottlieb; Robert J. Muchnick        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                         .

                                                s/Ruth A. Brissaud            
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845